UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00513-VAP-MAA                                             Date: July 25, 2022

Title:   Eric Jerome Phillips, Jr. v. Patton State Hospital

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     **Order to Show Cause Why the Petition Should Not Be Dismissed as Moot**

On March 17, 2022, Petitioner Eric Jerome Phillips, Jr. ("Petitioner"), acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.) Petitioner alleges one ground for federal habeas relief: Violation of his Fourteenth Amendment rights based on his involuntary treatment at Patton State Hospital. (*Id.* at 5.[1])

The Court has an independent obligation to consider its own subject-matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To meet the case or controversy requirement of Article III, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

In this case, Petitioner's sole habeas claim challenges his involuntary treatment at Patton State Hospital. (Pet. 5.) Since filing the Petition, Petitioner has been transferred from Patton State Hospital to Larry D. Smith Correctional Facility (Booking No. 202215626). (*See* ECF No. 12 at 2.) Accordingly, because Petitioner no longer is receiving treatment at Patton State Hospital, he hereby is **ORDERED** to show cause, in writing, **by no later than August 24, 2022**, why the Petition should not be dismissed as moot. In response to this Order, Petitioner shall file either (1) a First

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-00513-VAP-MAA                                           Date:  July 25, 2022

Title:  Eric Jerome Phillips, Jr. v. Patton State Hospital

Amended Petition ("FAP") or (2) a written response explaining why the Petition is not moot.  In the event that Petitioner opts to file a FAP, he is instructed to use the Court's Form CV-69 (Petition for Writ of Habeas Corpus by a Person in State Custody), which the Clerk is directed to attach to this Order.

　　　　Alternatively, Petitioner may file a notice of dismissal in this action.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order.

　　　　**Petitioner is cautioned that failure to respond to this Order by August 24, 2022 may result in a recommendation that the Petition be dismissed without prejudice as moot, and/or for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

Attachments:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Form CV-69 (Petition for Writ of Habeas Corpus by a Person in State Custody)